IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      -v-

ANY AND ALL JOINT VENTURE UNITS OF MORGAN
INTEREST HOLDERS HELD IN THE MORGAN KING
OF PRUSSIA JOINT VENTURE, TRACEABLE TO THE
FOLLOWING REAL PROPERTIES WHICH WERE
CONTRIBUTED TO SUCH JOINT VENTURE:

**5111 BALL ROAD, SYRACUSE, NEW YORK**,
**KNOWN AS HIGH ACRES APARTMENTS**;

**2161 CAMELOT DRIVE, HARRISBURG, PENNSYLVANIA**,
**KNOWN AS KING'S MANOR APARTMENTS;**

**140 WESTBROOK HILLS DRIVE, SYRACUSE, NEW YORK**,
**KNOWN AS MORGAN MEADOWS APARTMENTS;**

**1 OAKMONTE BOULEVARD, WEBSTER, NEW YORK**,
**KNOWN AS OAKMONTE APARTMENT HOMES**;

**825 RIDGEWOOD DRIVE, FORT WAYNE, INDIANA**,
**KNOWN AS THE SUMMIT AT RIDGEWOOD**;

**40 WEBSTER MANOR DRIVE, WEBSTER, NEW YORK**,
**KNOWN AS WEBSTER MANOR APARTMENTS;** and

**137 RINGNECK DRIVE, HARRISBURG, PENNSLYVANIA,**
**KNOWN AS THE VILLAGE OF LAUREL RIDGE I,**

                    Defendants.

_____

## <u>VERIFIED COMPLAINT FOR FORFEITURE</u>

The United States of America, by its attorneys, James P. Kennedy, Jr., United States

Attorney for the Western District of New York, Mary Clare Kane, Assistant United States

Attorney, of counsel, for its verified complaint herein alleges as follows:

1.      This is an action <u>in rem</u> for the forfeiture of the Joint Venture Units (hereinafter defendant "JV Units") of the Morgan Interest Holders in the Morgan King of Prussia Joint Venture (hereinafter referred to as "MP KofP JV LLC") which were contributed by MP KofP JV LLC  which holds interests traceable to the premises and real property with all buildings, appurtenances and improvements at:

    a.      **5111 BALL ROAD, SYRACUSE, NEW YORK, KNOWN AS HIGH ACRES APARTMENTS**;

    b.      **2161 CAMELOT DRIVE, HARRISBURG, PENNSYLVANIA, KNOWN AS KING'S MANOR**;

    c.      **140 WESTBROOK HILLS DRIVE, SYRACUSE, NEW YORK, KNOWN AS MORGAN MEADOWS APARTMENTS**;

    d.      **1 OAKMONTE BOULEVARD, WEBSTER, NEW YORK, KNOWN AS OAKMONTE APARTMENT HOMES**;

    e.      **825 RIDGEWOOD DRIVE, FORT WAYNE, INDIANA, KNOWN AS THE SUMMIT AT RIDGEWOOD**;

    f.      **40 WEBSTER MANOR DRIVE, WEBSTER, NEW YORK, KNOWN AS WEBSTER MANOR APARTMENTS;** and

    g.      **137 RINGNECK DRIVE, HARRISBURG, PENNSLYVANIA, KNOWN AS THE VILLAGE OF LAUREL RIDGE I.**

2.      On or about October 24, 2019, MP KofP JV LLC acquired the above-described properties.  In exchange for the contributed properties, Class A and Class B JV Units were issued to those individuals and entities with ownership interests in the contributed properties which were equivalent in value to net equity in the properties.   Each JV Unit (both Class A and Class B units) was valued at $1.00.

3.    For purposes of this complaint, the following individuals obtained beneficial interests and are referred to as the Morgan Interest Holders:

    a.  Robert Morgan
    b.  Herb Morgan
    c.  Robyn Morgan
    d.  Kevin Morgan
    e.  Robert Moser
    f.  Brovitz Family Trust
    g.  Alyse Brovitz
    h.  Chase Chavin
    i.  Timothy Florczak
    j.  George DaGraca
    k.  James Martin
    l.  The Robert Morgan Limited Partnership
    m.  The Robert Morgan Limited Partnership III
    n.  Morgan Family Share of Maplewood MHP, Inc.
    o.  Morgan Family Share of Schiavi Properties, Inc.
    p.  Sharon Zinser

4.    The defendant JV Units are subject to forfeiture under the provisions of Title 18, United States Code, Sections 981(a)(1)(A), as any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 or 1957 of this title, or any property traceable to such property and/or Title 18, United States Code, Section 981(a)(1)(C), as any property, real or personal, which constitute or are derived from proceeds traceable to any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7)[1] of Title 18, United States Code, and hereinafter referred to as "SUA"), to include violations of Title 18, United States Code, Sections 1343 (wire fraud) and 1344 (bank fraud).

---

[1] Incorporating by reference section 1961(1).

5.     The jurisdiction of this Court is invoked pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.  Venue is properly premised in the Western District of New York pursuant to Title 28, United States Code, Section 1395.

## THE RELATED CRIMINAL INDICTMENT

6.     On May 21, 2019, a federal grand jury sitting in the Western District of New York returned a Superseding Indictment ("SSI") charging Robert Morgan, Frank Giacobbe, Todd Morgan and Michael Tremiti (the "Defendants") with violations of Title 18, United States Code, Sections 1343, 1344, 1349 and 2 as well as Title 18, United States Code, Section 1956(h) (18-CR-108-EAW, Dkt. No. 42).

## INVESTIGATION INTO MORGAN CONTROLLED MULTI-FAMILY RESIDENTIAL PROPERTIES

7.     The investigation has indicated that the JV Units are subject to civil forfeiture. The allegations of the SSI are fully re-alleged and incorporated as if fully set forth herein. See 18-CR-108-EAW, Dkt. No. 42.

8.     As referenced in the SSI and in addition to the conduct charged in the SSI, the United States alleges fraud was committed by (1) Robert Morgan; (2) entities he owned or controlled; and/or (3) several co-conspirators, and others, known and unknown, in connection with loans obtained from financial institutions to finance the construction or purchase of, or to refinance such loans, for each of the above referenced real properties.

4

9.      With respect to the defendant JV Units, the United States alleges as follows:


## FALSE PERSONAL FINANCIAL STATEMENTS

A.      For each of the aforementioned real properties, Robert Morgan, entities he owned or controlled, and/or other co-conspirators, known and unknown, created, submitted or caused to be created and/or submitted false and misleading personal financial statements in order to induce a financial institution to issue loans.  For example, Robert Morgan and other conspirators did not list the Notes Fund Investors debt as a liability nor did he list his personal liabilities for millions of dollars of various mezzanine loans that were his responsibility.  See Securities and Exchange Commission v. Morgan, et. al. 19-CV-661-EAW, Dkt. No. 1 (the allegations of the complaint are fully re-alleged and incorporated as if fully set forth herein).  As such, the financial statements substantially overstated Robert Morgan's net worth because he excluded tens of millions of dollars of debt he owed.


B.      It was the object of Robert Morgan, entities he owned or controlled, directly or indirectly, and other co-conspirators, known and unknown, to induce financial institutions to issue mortgage loans based on material false representations or omissions, which loans the financial institutions would not have issued, would have issued under different terms, or would have required further investigation had the personal financial statements been accurate.


C.      On June 18, 2014, at approximately 5:31 p.m., in the Western District of New York , Michael Tremiti, who, at the time, was employed at Morgan Management, working as Director of Finance,  emailed Robert Morgan with a subject line of "Contingent Liabilities"

asking Robert Morgan:

> TREMITI: "do we want to show the following contingent liabilities on your PFS [Personal Financial Statement]:
> 1. Notes Fund $11MM? Estimate,
> 2. Monroe Capital $50MM Estimate,
> 3. Perticone $20MM Estimate.  We would have to explain these items if asked by the banks."
>
> ROBERT MORGAN: "No".
> (same day response)

Thereafter, the conspirators knowingly caused the false information to be transmitted to the financial institutions.

10.     With respect to defendant JV Units, the United States alleges as follows:

## MORTGAGE FRAUD AND MONEY LAUNDERING

A.     It was one of the objects of Robert Morgan, entities he owned, controlled, or had indirect ownership interest in, and other co-conspirators, known and unknown, to induce financial institutions to issue mortgage loans based on false representations, which loans the institutions would not have issued; would have issued on different terms or would have required further investigation, had the representations been truthful.

B.     Robert Morgan, entities he owned, controlled, or had indirect ownership interest in, and other co-conspirators, known and unknown, submitted or caused to be submitted to financial institutions documents falsely reporting inflated income for real properties and knew or should have known that falsely increasing the net operating income

6

of each real property would inflate its appraised value and the amount moneylenders would loan against it.

C.      It was a further object of Robert Morgan, entities he owned, controlled, or had indirect ownership interest in, and other co-conspirators, known and unknown, to provide institutions servicing mortgage loans with false information concerning the properties' financial performance and to conceal misrepresentations in loan origination. Each lender considered any materially false or misleading representation by the borrower in any loan document to be an "event of default." Upon such default, each lender was entitled to certain additional rights and remedies set forth in loan documents. Among such rights and remedies could be the options to (1) charge the borrower additional interest at a default rate; (2) declare the borrower's entire debt immediately due and payable; (3) impose personal liability on the borrower for the indebtedness, for which the borrower would not otherwise have been personally liable; (4) demand payment of all rents from borrower; and (5) foreclose on the mortgaged property.

D.      In addition to concealing misrepresentations made to induce loan origination, false information was also provided to the servicing institutions in violation of the loan terms. Such violations also entitled the lenders to additional rights and remedies.

E.      On January 26, 2012, Knollwood Associates LLC, an entity controlled by Robert Morgan, obtained a loan issued by Berkadia Commercial Mortgage LLC and subsequently purchased by Freddie Mac in the amount of $15,200,000 in order to refinance

an existing loan secured by Knollwood Manor Apartments. As part of the loan application process, the conspirators caused the creation and submission of a false and fictitious T12[2] income statement.   Pursuant to the terms of the loan, the borrower would be in default if the borrower supplied any false documents/financials to the lender.   Thereafter, conspirators continued to submit income statements at false and inflated amounts. On or about May 18, 2017, at approximately 4:18 p.m., Patrick Ogiony emailed Kevin Morgan, Todd Morgan and Frank Giacobbe attaching a false and inflated rent roll and T12 income statement for a property referenced as "Knollwood." Thereafter, the conspirators knowingly caused the false information to be transmitted to the financial institution in furtherance of the fraud scheme.

F.      Upon information and belief, Freddie Mac would not have authorized any future loans to Robert Morgan, directly or indirectly, or to any other Morgan controlled or managed equity property, if it had known about the materially false statements made in the Knollwood transaction.

G.      Officials for lenders Fannie Mae and Freddie Mac have indicated that had they known the information and personal financial statements (PFS) submitted as part of Robert Morgan and Robert Morgan managed LLC's loan applications contained false statements and/or material omissions, they would not have issued the loans and would not have issued any additional loans thereafter to Robert Morgan and Robert Morgan managed or controlled entities or LLCs.

---

[2] A T12 statement or a "trailing twelve statement," commonly referred to as a "T12 statement" is a statement that  sets forth the income for a property each month for the preceding twelve months.

11.     The following JV Units are traceable to such materially false statements, false information and fraudulent conduct that occurred at loan origination and/or refinance thereby rendering them subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and/or 981(a)(1)(C).

### A.     HIGH ACRES

i.       On May 29, 2015, High Acres Apartments DE, LLC, an entity controlled, directly or indirectly, by Robert Morgan, obtained a loan from financial institution Berkeley Point Capital, LLC (hereinafter "Berkeley") in the amount of $24,080,000.00 to refinance the loan previously held by Fannie Mae.  Freddie Mac purchased this new loan from Berkeley.

ii       As a part of the loan application process, the conspirators caused the submission of a false Certified Personal Financial Statement (hereinafter "PFS"), dated June 1, 2014.  This PFS materially misrepresented liabilities (in the amount of approximately $81 million) on the Assets and Liabilities Schedule.  The PFS contained a section certifying that the information in the statement was "true and correct" and acknowledging that misrepresentations could result not only in civil liabilities and monetary damages but also in "criminal penalties including fine and imprisonment or both."

iii.      On or about May 29, 2015, when the loan proceeds were received, the conspirators caused a series of monetary transactions to occur and transmitted the criminally derived property (the loan proceeds) including but not limited to using $17,604,452.44 to pay off the existing loan with Fannie Mae.  Other closing costs were paid.  On or about June 1,

9

2015, a financial transaction occurred wherein $5,919,386.40 in loan proceeds was deposited into an account(s) under the control of Morgan Management; a Robert Morgan controlled entity, which thereafter made a transfer of an approximate total of $736,000.00 to a third party, among other financial transactions. These financial transactions in excess of $10,000 constituted violations of the money laundering statutes and render the property subject to forfeiture as property involved in such violations.

iv.    On or about October 24, 2019, as consideration for the contribution to MP KofP JV LLC of High Acres Apartments DE, LLC, MP KofP JV LLC issued JV Units to the following parties based on their ownership interests in High Acres Apartments DE, LLC:

| Owner of Equity | Beneficial Owner | JV Units |
|---|---|---|
| Timothy Florczak | Timothy Florczak | 752,380 |
| RL Properties #2 LLC | The Robert Morgan Ltd. Partnership III | 4,589,521 |
| York HM Investor LLC | Herb Morgan | 1,279,047 |
| York KM Investor LLC | Kevin Morgan | 852,698 |
| The RJM Fund LLC | Robert Moser | 2,558,093 |

**TOTAL VALUE**                                    **10,031,739**

v.    Upon information and belief, on or about October 24, 2019, MP KofP JV LLC assumed the outstanding loan obligations on the contributed property. The loan remains outstanding.

10

### B.   KING'S MANOR

i.      On May 15, 2015, King's Manor Apartments I, LLC, King's Manor Apartments II, LLC, King's Manor Apartments III, LLC (collectively "King's Manor") an entity controlled, directly or indirectly, by Robert C. Morgan, obtained funding from financial institution Holiday Fenoglio Fowler, L.P. (hereinafter "HFF") in the amount of $14,991,000.00.  Freddie Mac purchased this new loan from HFF.

ii.     As a part of the loan application process, the conspirators caused the submission of a false Certified PFS, dated June 1, 2014.  This PFS materially and intentionally misrepresented liabilities (in the amount of approximately $81 million) on the Assets and Liabilities Schedule.  The PFS contained a section certifying that the information in the statement was "true and correct" and acknowledging that misrepresentations could result not only in civil liabilities and monetary damages but also in "criminal penalties including fine and imprisonment or both."

iii.    On or about May 15, 2015, when the loan proceeds were received, the conspirators caused a series of monetary transactions to occur and transmitted the criminally derived property (the loan proceeds) including but not limited to using $13,041,856.63 to pay off the existing loan with Fannie Mae.  Other closing costs were paid.   Additional loan proceeds were available to deposit into an account(s) under the control of Morgan Management, a Robert Morgan controlled entity. From those additional loan proceeds, Morgan Management made a transfer of over $500,000 to the Notes Fund Investors. These financial transactions in excess of $10,000 constituted violations of the money laundering

statutes and render the property subject to forfeiture as property involved in such violations.

iv.     On or about October 24, 2019, as consideration for the contribution to MP KofP JV LLC of King's Manor, MP KofP JV LLC issued JV Units to the following parties based on their ownership interests in King's Manor:

| Owner of Equity | Beneficial Owner | JV Units | New Beneficial Owner |
|---|---|---|---|
| Dennis S. Cohen[3] | Dennis S. Cohen | 510,054 | Herb and Robyn Morgan |
| Jeffrey Cohen | Jeffrey Cohen | 510,054 | Herb and Robyn Morgan |
| Rocmo 3 LLC | Robyn Morgan | 6,008,922 | |
| York HM Investor LLC | Herb Morgan | 2,686,285 | |

_____

**TOTAL VALUE**                                      **9,715,315**

v.     Upon information and belief, on or about October 24, 2019, MP KofP JV LLC satisfied the outstanding loan obligations on the contributed property.

## C.     MORGAN MEADOWS

i.     On January 11, 2016, Morgan Meadows Apartments LLC, an entity controlled by Robert Morgan, directly or indirectly, obtained a loan from financial institution KeyBank National Association in the amount of $26,000,000 in order to refinance and pay off a

_____

[3] In January 2020, Dennis S. Cohen and Jeffrey Cohen sold 40.68% of their interests in the property to York HM Investor LLC (Herb Morgan) and 59.32% to Rocmo 3 LLC (Robyn Morgan).

preexisting loan with Fannie Mae.

ii.    As a part of the loan application process, the conspirators caused the submission of a false Certified PFS, dated June 30, 2015.   This PFS materially and intentionally misrepresented liabilities in the amount of tens of millions of dollars in note fund investor and mezzanine loan debt on the Assets and Liabilities Schedule. The PFS contained a section certifying that the information in the statement was "true and correct" and acknowledging that misrepresentations could result not only in civil liabilities and monetary damages but also in "criminal penalties including fine and imprisonment or both."

iii.    On or about January 11, 2016, when the loan proceeds were received, the conspirators caused a series of monetary transactions to occur and transmitted the criminally derived property (the loan proceeds) including but not limited to using $16,846,932.07 to pay off the existing loan with Fannie Mae.   Other closing costs were paid.  On or about January 11, 2016, a financial transaction occurred wherein $2,139,689.22 in loan proceeds was deposited into an account(s) under the control of Morgan Management, a Robert Morgan controlled entity. Thereafter, there was a transfer of an approximate total of $2,100,000.00 to a third party, among other financial transactions.   These financial transactions in excess of $10,000 constituted violations of the money laundering statutes and render the property subject to forfeiture as property involved in such violations.

iv.    On or about October 24, 2019, as consideration for the contribution to MP KofP JV LLC of Morgan Meadows Apartments LLC, MP KofP JV LLC issued JV Units to

13

the following parties based on their ownership interests in Morgan Meadows Apartments LLC:

| Owner of Equity | Beneficial Owner | JV Units |
|---|---|---|
| Rocmo 1 LLC | Robert Morgan | 113,916 |
| Rocmo 3 LLC | Robyn Morgan | 6,244,212 |
| York HM Investor LLC | Herb Morgan | 3,179,064 |
| York KM Investor LLC | Kevin Morgan | 353,229 |
| The RJM Fund LLC | Robert Moser | 4,238,752 |
| | | |
| **TOTAL VALUE** | | **14,129,173** |

v.     Upon information and belief, on or about October 24, 2019, MP KofP JV LLC assumed the outstanding loan obligations on the contributed property.  The loan remains outstanding.

### D.     OAKMONTE APARTMENT HOMES

i.     On July 15, 2015, Oakmonte Maplewood LLC and Oakmonte Schiavi LLC (hereinafter "Oakmonte"), entities controlled, directly or indirectly, by Robert Morgan, obtained a second loan from financial institution M&T Realty Capital Corporation in the amount of $4,000,000.  Freddie Mac thereafter purchased the loan.

ii.     As a part of the loan application process, the conspirators caused the submission of a false Certified PFS, dated June 1, 2014.  This PFS materially and intentionally

14

misrepresented liabilities (in the amount of approximately $81 million) on the Assets and Liabilities Schedule.  The PFS contained a section certifying that the information in the statement was "true and correct" and acknowledging that misrepresentations could result not only in civil liabilities and monetary damages but also in "criminal penalties including fine and imprisonment or both."

iii.    On or about July 15, 2015, once the loan proceeds were received, the conspirators caused a series of monetary transactions to occur and caused the transmission of the criminally derived property (the loan proceeds) including a wire transaction in the approximate amount of $3,917,571.49 which was deposited into an account(s) under control of Morgan Management, a Robert Morgan controlled entity on July 15, 2015.  Thereafter, on or about July 16, 2015, approximately $356,000 was transferred to outstanding loans and investors.  Other closing costs were paid.  These financial transactions in excess of $10,000 constituted violations of the money laundering statutes and render the property subject to forfeiture as property involved in such violations.

iv.    On or about October 24, 2019, as consideration for the contribution to MP KofP JV LLC of Oakmonte, MP KofP JV LLC issued JV Units to the following parties based on their ownership interests in Oakmonte:

| Owner of Equity | Beneficial Owner | JV Units |
|---|---|---|
| Maplewood MHP, Inc. | George DaGraca | 3,934,762 |
| Maplewood MHP, Inc. | James Martin | 3,934,762 |
| Maplewood MHP Inc. | Morgan Family Share | 3,060,458 |

15

| | | |
|---|---|---|
| Schiavi Properties Inc. | Morgan Family Share | 874,304 |

**TOTAL VALUE**                                    **11,804,286**

v.      Upon information and belief, on or about October 24, 2019, MP KofP JV LLC assumed the outstanding loan obligations on the contributed property.  The loan remains outstanding.

## E.      THE SUMMIT AT RIDGEWOOD

i.      On November 30, 2015, RRE VIP Coliseum Park, LLC, an entity controlled, directly or indirectly, by Robert Morgan, obtained a loan from financial institution KeyBank National Association in the amount of $13,400,000 in order to refinance and pay off a preexisting loan with KeyBank Real Estate Capital.

ii.      As a part of the loan application process, the conspirators caused the submission of a false Certified PFS, dated June 30, 2015.  This PFS materially and intentionally misrepresented liabilities in the amount of tens of millions of dollars in note fund investor and mezzanine loan debt on the Assets and Liabilities Schedule.  The PFS contained a section certifying that the information in the statement was "true and correct" and acknowledging that misrepresentations could result not only in civil liabilities and monetary damages but also in "criminal penalties including fine and imprisonment or both."

iii.    On or about November 30, 2015, when the loan proceeds were received, the conspirators caused a series of monetary transactions to occur and transmitted the criminally derived property (the loan proceeds) including but not limited to using in excess of $10 million dollars to pay off the existing loan with KeyBank Real Estate Capital. Other closing costs were paid.  On or about November 30, 2015, a financial transaction occurred wherein $3,392,309.23 in loan proceeds was deposited into an account(s) controlled by Morgan Management, a Robert Morgan controlled entity.  Thereafter, on or about December 9, 2015, Morgan Management made a transfer of an approximate total of $3,100,000.00 to the Notes Fund Investors.  These financial transactions in excess of $10,000 constituted violations of the money laundering statutes and render the property subject to forfeiture as property involved in such violations.

iv.    On or about October 24, 2019, as consideration for the contribution to MP KofP JV LLC of RRE VIP Coliseum Park, LLC, MP KofP JV LLC issued JV Units to the following parties based on their ownership interests in the Summit at Ridgewood:

| Owner of Equity | Beneficial Owner | JV Units |
|---|---|---|
| The CSC Fund LLC | Chase Chavin | 2,844,849 |
| RL Properties #2 LLC | Robert Morgan Ltd. Partnership III | 3,860,867 |
| York HM Investor LLC | Herb Morgan | 853,455 |
| York KM Investor LLC | Kevin Morgan | 1,991,394 |
| ZSR Holdings LLC | Sharon Zinser | 609,611 |
| | | |
| **TOTAL VALUE** | | **10,106,176** |

v.      Upon information and belief, on or about October 24, 2019, MP KofP JV LLC assumed the outstanding loan obligations on the contributed property.  The loan remains outstanding.

### F.      WEBSTER MANOR

i.      On May 29, 2015, Webster Manor, LLC, an entity controlled, directly or indirectly, by Robert Morgan, obtained a loan from financial institution Prudential Affordable Mortgage Company, LLC in the amount of $20,400,000 in order to refinance and pay off a preexisting loan with Fannie Mae.

ii.     As a part of the loan application process, the conspirators caused the submission of a false Certified PFS, dated June 1, 2014.  This PFS materially misrepresented liabilities (in the amount of approximately $81 million) on the Assets and Liabilities Schedule. The PFS contained a section certifying that the information in the statement was "true and correct" and acknowledging that misrepresentations could result not only in civil liabilities and monetary damages but also in "criminal penalties including fine and imprisonment or both."

iii.    On or about May 29, 2015 when the loan proceeds were received, the conspirators caused a series of monetary transactions to occur and transmitted the criminally derived property (the loan proceeds) including but not limited to using $17,222,781.51 to pay off the existing loan with Fannie Mae.  Other closing costs were paid. On or about May 29, 2015, a financial transaction occurred wherein $2,970,282.97 in loan proceeds was deposited

into an account(s) under control of Morgan Management, a Robert Morgan controlled entity. Thereafter, on June 2, 2015, approximately $296,934 was transferred to a third party. These financial transactions in excess of $10,000 constituted violations of the money laundering statutes and render the defendant property subject to forfeiture as property involved in such violations.

    iv.    On or about October 24, 2019, as consideration for the contribution to MP KofP JV LLC of Webster Manor, LLC, MP KofP JV LLC issued JV Units to the following parties based on their ownership interests in Webster Manor LLC:

| Owner of Equity | Beneficial Owner | JV Units |
|---|---|---|
| JJAR KofP LLC | Alyse D. Brovitz (Brovitz Family Trust) | 1,172,217 |
| RL Properties #2 LLC | Robert Morgan Ltd. Partnership III | 4,747,478 |
| York HM Investor LLC | Herb Morgan | 1,582,493 |
| York KM Investor LLC | Kevin Morgan | 1,054,995 |
| The RJM Fund LLC | Robert Moser | 3,164,986 |
| **TOTAL VALUE** | | **11,722,169** |

    v.    Upon information and belief, on or about October 24, 2019, MP KofP JV LLC assumed the outstanding loan obligations on the contributed property.  The loan remains outstanding.

## G.    THE VILLAGE AT LAUREL RIDGE I

i.      On May 15, 2015, Village of Laurel Ridge I, LLC, Village of Laurel Ridge II, LLC , Village of Laurel Ridge III, LLC , Village of Laurel Ridge IV, LLC , Village of Laurel Ridge V, LLC (collectively "Laurel Ridge") an entity controlled, directly or indirectly, by Robert Morgan, obtained funding from financial institution Holiday Fenoglio Fowler, L.P. (hereinafter "HFF") in the amount of $15,520,000.00.  Freddie Mac purchased this new loan from HFF.

ii.      As a part of the loan application process, the conspirators caused the submission of a false Certified PFS, dated June 1, 2014.  This PFS materially and intentionally misrepresented liabilities (in the amount of approximately $81 million) on the Assets and Liabilities Schedule.  The PFS contained a section certifying that the information in the statement was "true and correct" and acknowledging that misrepresentations could result not only in civil liabilities and monetary damages but also in "criminal penalties including fine and imprisonment or both."

iii.      On or about May 15, 2015, when the loan proceeds were received, the conspirators caused a series of monetary transactions to occur and transmitted the criminally derived property (the loan proceeds) including but not limited to using $8,927,928.67 to pay off the existing loan with Fannie Mae. Other closing costs were paid. Additional loan proceeds were available to deposit into an account(s) under the control of Morgan Management, a Robert Morgan controlled entity. From those additional loan proceeds,

20

Morgan Management made a transfer of over $500,000 to the Notes Fund Investors. These financial transactions in excess of $10,000 constituted violations of the money laundering statutes and render the property subject to forfeiture as property involved in such violations.

iv.     On or about October 24, 2019, as consideration for the contribution to MP KofP JV LLC of the Village at Laurel Ridge I, MP KofP JV LLC issued JV Units to the following parties based on their ownership interests in the Village at Laurel Ridge I:

| Owner of Equity | Beneficial Owner | JV Units | New Beneficial Owner |
|---|---|---|---|
| Dennis S. Cohen[4] | Dennis S. Cohen | 100,620 | Herb and Robyn Morgan |
| Jeffrey Cohen | Jeffrey Cohen | 100,620 | Herb and Robyn Morgan |
| RL Properties #1 LLC | Robert Morgan Ltd. Partnership | 1,301,770 | |
| Rocmo 3 LLC | Robyn Morgan | 4,105,023 | |
| York HM Investor LLC | Herbert Morgan | 2,704,512 | |
| Carla Morgan[5] | Carla Morgan | 72,446 | Herb Morgan |

| TOTAL VALUE | | 8,384,991 | |

---

[4] In January 2020, Dennis S. Cohen and Jeffrey Cohen sold 40.68% of their interests in the property to York HM Investor LLC (Herb Morgan) and 59.32% to Rocmo 3 LLC (Robyn Morgan.

[5] Upon information and belief, Carla Morgan immediately transferred the units to Herb Morgan at the closing.

v.      Upon information and belief, on or about October 24, 2019, MP KofP JV LLC satisfied the outstanding loan on the contributed property.

## FOR A FIRST CAUSE OF ACTION

Title 18, United States Code, Section 981 (a) (1) (C)

12.     The plaintiff re-alleges paragraphs 1 through 11 as fully set forth and incorporated herein.  The defendant JV Units, traceable to contributed properties set forth in Paragraph 11, A, C-F, represent property which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 1343 and 1344 and are subject to forfeiture pursuant to Title 18, United States Code, Section  981(a)(1)(C).

## FOR A SECOND CAUSE OF ACTION

Title 18, United States Code, Section 981(a)(1)(A)

13.     The plaintiff re-alleges paragraphs 1 through 11 as fully set forth and incorporated herein.  The defendant JV Units, traceable to contributed properties set forth in Paragraph 11,  A through G represent property involved in transactions in violation of Title 21, United States Code, Sections 1956(h) and/or 1957 as any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 or 1957 of this title, or any property traceable to such property and are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A).

## CONCLUSION AND REQUESTS FOR RELIEF

14.    Based on all the foregoing facts, the circumstances surrounding those facts, and the experience and training of the officers involved, there is cause to believe by a preponderance of the evidence that the defendant JV Units are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) as any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 or 1957 of this title, or any property traceable to such property and/or Title 18, United States Code, Section 981(a)(1)(C) as any property, real or personal, which constitute or are derived from proceeds traceable to any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title and hereinafter referred to as "SUA"), to include violations of Title 18, United States Code, Sections 1343 (wire fraud) and 1344 (bank fraud).

WHEREFORE, the United States of America respectfully requests that:

(1)    an Arrest Warrant in Rem be issued for the defendant JV Units;

(2)    notice of this action be given to all persons known or thought to have a legal interest in or legally recognizable right in the defendant JV Units;

(2)    a judgment be entered declaring the defendant JV Units condemned and forfeited to the United States of America for disposition in accordance with the law; and

(4)     the plaintiff be awarded its costs and disbursements in this action and for such
        other and further relief as this court deems proper and just.

DATED:      Buffalo, New York, March 20, 2020.


                                    JAMES P. KENNEDY, JR.
                                    United States Attorney
                                    Western District of New York


                            By:     s/MARY CLARE KANE
                                    Assistant United States Attorney
                                    138 Delaware Avenue
                                    Buffalo, New York 14202
                                    (716) 843-5809
                                    Mary.Kane@usdoj.gov

STATE OF NEW YORK   )
COUNTY OF ERIE        )  ss
CITY OF BUFFALO      )

LUKE HUMPHREY, being duly sworn, deposes and says:

I am a Special Agent with the Federal Bureau of Investigation, and I am familiar with the facts and circumstances surrounding the forfeiture action against the defendant Joint Venture Units. The facts alleged in the Complaint for Forfeiture are true to the best of my knowledge and belief and were obtained during the course of the investigation and provided to the officials of the United States Department of Justice, United States Attorney's Office and the Federal Housing Finance Agency, Office of Inspector General.

s/LUKE HUMPHREY
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
this  20th  day of March, 2020

s/Cheryl LoTempio
Notary Public, State of New York
Qualified in Erie County
Commission Expires 6/30/2022