UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────

UNITED STATES OF AMERICA,                         **DECISION AND ORDER**

                 Plaintiff,                         1:20-CV-00334 EAW

        v.

ANY AND ALL JOINT VENTURE UNITS
OF MORGAN INTEREST HOLDERS HELD
IN THE MORGAN KING OF PRUSSIA JOINT
VENTURE, TRACEABLE TO THE
FOLLOWING REAL PROPERTIES WHICH
WERE CONTRIBUTED TO SUCH JOINT VENTURE:

5111 BALL ROAD, SYRACUSE, NEW YORK,
KNOWN AS HIGH ACRES APARTMENTS;

2161 CAMELOT DRIVE, HARRISBURG,
PENNSYLVANIA, KNOWN AS KING'S
MANOR APARTMENTS;

140 WESTBROOK HILLS DRIVE, SYRACUSE,
NEW YORK, KNOWN AS MORGAN MEADOWS
APARTMENTS;

1 OAKMONTE BOULEVARD, WEBSTER, NEW
YORK, KNOWN AS OAKMONTE APARTMENT
HOMES;

825 RIDGEWOOD DRIVE, FORT WAYNE, INDIANA,
KNOWN AS THE SUMMIT AT RIDGEWOOD;

40 WEBSTER MANOR DRIVE, WEBSTER, NEW
YORK, KNOWN AS WEBSTER MANOR APARTMENTS;  and

137 RINGNECK DRIVE, HARRISBURG, PENNSYVANIA,
KNOWN AS THE VILLAGE OF LAUREL RIDGE I,

               Defendants.
─────────────────────────────

- 1 -

## BACKGROUND

Plaintiff the United States of America (hereinafter "the government") commenced the above-referenced civil forfeiture action on March 20, 2020. (Dkt. 1). The government seeks forfeiture of the Joint Venture Units ("JV Units") of "the Morgan Interest Holders"[1] in the Morgan Properties King of Prussia Joint Venture LLC ("MP KofP JV LLC") that are traceable to the properties listed in the above caption. (*Id*. at ¶ 1). The complaint alleges that MP KofP JV LLC acquired the real properties listed in the above caption on or about October 24, 2019, and in exchange for the contributed properties, "Class A and Class B JV Units were issued to those individuals and entities with ownership interests in the contributed properties which were equivalent in value to net equity in the properties." (*Id*. at ¶ 2).

Contemporaneously with the filing of the complaint, the government obtained an arrest warrant in rem that was signed by the Clerk of Court and states that it was witnessed by the undersigned. (*See* Dkt. 10 at 2-3; Dkt. 1-1). The government arranged to serve the arrest warrant in rem on several entitles and individuals. (Dkt. 4; Dkt. 5; Dkt. 6; Dkt. 7; Dkt. 8; Dkt. 10). The undersigned neither witnessed nor authorized the issuance of the arrest warrant in rem.

---

[1]    The complaint defines the "Morgan Interest Holders" as Robert Morgan, Herb Morgan, Robyn Morgan, Kevin Morgan, Robert Moser, the Brovitz Family Trust, Alyse Brovitz, Chase Chavin, Timothy Florczak, George DaGraca, James Martin, The Robert Morgan Limited Partnership, The Robert Morgan Limited Partnership III, the Morgan Family Share of Maplewood MHP, Inc., the Morgan Family Share of Schiavi Properties, Inc., and Sharon Zinser. (Dkt. 1 at ¶ 3).

Case 1:20-cv-00334-EAW   Document 199   Filed 04/09/21   Page 3 of 13

Several motions are currently pending before the undersigned in connection with the above-referenced matter, including three motions filed pursuant to Federal Rule of Criminal Procedure 41(g), or in the alternative, 28 U.S.C. § 1651, seeking to enjoin the government from unlawfully restraining property and ordering the government to withdraw its instruction to MP KofP JV LLC to escrow distributions of net ordinary proceeds payable on certain Class A JV Units. (Dkt. 106 (motion filed by Robert Morgan and Todd Morgan); Dkt. 114 (motion filed by Maplewood MHP, Inc., Schiava Properties, James Martin, George DeGraca, and the Respective Successors, Assigns, Personal Representatives and Trustees of the foregoing (including Christopher J. Martin and Michelle Bryant, as Trustees) (hereinafter collectively the "Oakmonte Claimants")); Dkt. 116 (motion filed by Lacey Morgan Katz and Robyn Morgan)).[2]  In addition to these three motions for the return of property filed by the Moving Parties, the government has filed a motion for an Order pursuant to 18 U.S.C. § 983(j)(1)(A), for entry of a post-complaint restraining order of all JV Units of Morgan Interest Holders held in the MP KofP JV LLC traceable to the real properties identified in the above caption. (Dkt. 161).

Briefing on the Moving Parties' motions for return of property occurred during October and November 2020 (*See* Dkt. 106-108 & Dkt. 121 (submissions on behalf of Robert and Todd Morgan); Dkt. 114 & Dkt. 122 (submissions on behalf of the Oakmonte Claimants); Dkt. 116 & Dkt. 120 (submissions on behalf of Lacey Morgan Katz and Robyn

---

[2]     Collectively, Robert Morgan, Todd Morgan, Lacey Morgan Katz, and Robyn Morgan will be referred to hereinafter as the "Morgan Moving Parties," and the Morgan Moving Parties and the Oakmonte Claimants will be referred to collectively hereinafter as "the Moving Parties."

Morgan ); Dkt. 118 & Dkt. 130 (government's opposition and sur-reply)).  Oral argument was held before the undersigned on December 3, 2020 (Dkt. 133; Dkt. 149), and the Moving Parties filed supplemental submissions on December 11, 2020 (Dkt. 136; Dkt. 137; Dkt. 138).

On December 21, 2020, the Court issued a Text Order directing the government to explain the basis for its position that the arrest warrant in rem was properly issued by the Clerk in this case, in view of the fact that Supplemental Admiralty and Maritime Claims Rule G(3)(b)(ii), requires a court—not a clerk—to issue an arrest warrant in rem on a finding of probable cause where property is not in the possession, custody or control of the government (as is the case with the JV Units and any distributions).  (Dkt. 139).  The government responded on December 28, 2020, indicating that "[i]n hindsight" the arrest warrant in rem was "not necessary" but it nonetheless served "a useful purpose, as it operated to inform the MP KofP JV LLC and all parties that the action had been filed and informed the parties [of] certain filing deadlines."  (Dkt. 142 at 5 n.1).

The Court thereafter held a status conference on January 6, 2021, at which time it raised a number of questions with respect to the pending motions for return of property and the status of the matter, including the issuance of the arrest warrant in rem, and requested supplemental briefing from the parties.  (Dkt. 152; Dkt. 154).  The Court asked the parties to directly answer the questions raised with their supplemental briefing.  (*See* Dkt. 154 at

20 ("I would like for everybody to submit further briefing that, as best as possible, directly answers my questions."")).[3]

In compliance with the Court's requests, the Moving Parties filed their submissions on February 12, 2021, addressing the questions raised by the Court.  (Dkt. 162; Dkt 163; Dkt. 164).  On the other hand, the government only answered some of the questions as requested by the Court.  An affidavit filed by Assistant United States Attorney ("AUSA") Joseph J. Karaszewski, Chief of the Asset Recovery Division in the United States Attorney's Office for the Western District of New York, outlined certain steps that his office had taken that he claimed rendered moot the pending motions for return of property. (Dkt. 160).  In that affidavit, AUSA Karaszewski stated that the government "notified MP KofP JV LLC in writing that it does not object to the release to the movants of all net ordinary proceeds paid and payable to the movants based on their ownership interests in the JV Units named" in the above-captioned matter.  (*Id*. at ¶ 4).  Thus, according to the government, the pending motions for return of property were moot.  At the same time that it filed AUSA Karaszewski's affidavit, the government also filed its motion for a restraining order.  (Dkt. 161).

In accordance with the schedule set by the Court, each party filed a response to the opposing party's supplemental submission on February 26, 2021.  (Dkt. 168; Dkt. 170; Dkt. 171; Dkt. 173).  On that same date, the Moving Parties filed opposition papers to the government's motion for a restraining order.  (Dkt. 169; Dkt. 171; Dkt. 172).

---

[3]     Among other questions raised by the Court were jurisdictional questions.  The Court does not resolve any jurisdictional issues with this Decision and Order.

## **MOTIONS FOR RETURN OF PROPERTY**

The Moving Parties each acknowledge that based on the government's communication to MP KofP JV LLC that it does not object to the release of all net ordinary proceeds "paid and payable" based on their ownership interests in the JV Units named in the above-referenced litigation, they have obtained all of the relief they sought with their pending motions so long as the government means that this also applies to any future distributions. (Dkt. 168 at 4; Dkt. 171 at 2; Dkt. 173 at 2).

The Court interprets the government's communication to MP KofP JV LLC as indicating that it is no longer seeking to restrain the distributions of net ordinary proceeds on the JV Units. In the event that in the future the government attempts to restrain these distributions in one way or another, the dispute may be brought to the Court's attention to resolve, but the pending motions are not the appropriate forum in which to litigate hypothetical possibilities as to potential future efforts by the government to restrain property. To be clear, though, so long as the current status remains the same and the distributions are not within the government's possession, custody or control, the Court would expect the government to first seek an order from the undersigned before attempting to restrain the Moving Parties' distributions of net ordinary proceeds on the JV Units at issue in this litigation.

Accordingly, the Court denies the motions for return of property (Dkt. 106; Dkt. 114; Dkt. 116) as moot.

## THE GOVERNMENT'S MOTION FOR A RESTRAINING ORDER

The government seeks a restraining order pursuant to 18 U.S.C. § 983(j)(1)(A),

which provides, in relevant part, as follows:

> Upon application of the United States, the court may enter a restraining order or injunction, . . .  or take any other action to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture . . . upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order is sought is subject to civil forfeiture. . . .

Specifically, the government seeks a restraining order for the following property:

> the defendants in rem in the above captioned case: Any and All Joint Venture Units ("JV Units") of Morgan Interest Holders held in the Morgan King of Prussia Joint Venture, traceable to the following real properties which were contributed to such Joint Venture:

> 5111 Ball Road, Syracuse, New York, known as High Acres Apartments [10,031,739 JV Units];

> 2161 Camelot Drive, Harrisburg, Pennsylvania, known as King's Manor Apartments [9,715,315 JV Units];

> 140 Westbrook Hills Drive, Syracuse, New York, known as Morgan Meadows Apartments [14,129,173 JV Units];

> 1 Oakmonte Boulevard, Webster, New York, known as Oakmonte Apartment Homes [11,804,286 JV Units];

> 825 Ridgewood Drive, Fort Wayne, Indiana, known as The Summit At Ridgewood [10,106,176 JV Units];

> 40 Webster Manor Drive, Webster, New York, known as Webster Manor Apartments [11,722,169 JV Units]; and

> 137 Ringneck Drive, Harrisburg, Pennsylvania, known as The Village of Laurel Ridge I [8,384,991 JV Units].

(Dkt. 161 at 2).  The government contends that its request for a restraining order in this

regard is "consistent with the express agreement of the United States, claimants Robert

Morgan, Robyn Morgan, Todd Morgan, Lacey Morgan Katz and others who have a known interest in the defendant property, and the proposed restraining order will secure, maintain, and preserve the availability of the defendant property for forfeiture pending resolution of this civil forfeiture action." (*Id.* at 2-3). Specifically, the government relies upon a Stipulated Order that was entered on October 24, 2019, in *United States of America v. The Premises and Real Property with All Buildings, Appurtenances, and Improvements, Located at 7405 Morgan Road, Liverpool, New York, et al.* (Case No. 1:19-cv-01157-EAW) ("the *7405 Morgan Road* Action"), so as to allow the MP KofP JV LLC transaction to go forward while preserving the government's forfeiture rights. (*7405 Morgan Road* Action, Dkt. 26 (the "Stipulated Order")). Paragraph 45 of the Stipulated Order, cited by the government in support of the pending motion,[4] provides as follows:

> Upon the Closing, the United States of America confirms and agrees that it will not seek civil, criminal or administrative forfeiture of any of the eighty-six real properties . . . and that *it will instead bring any future civil forfeiture action against JV Units equivalent in value on the Closing Date to the agreed-upon equity value* of the entity which operated and owned the relevant Joint Venture Property or some lesser amount. Whereas the Parties agree that, after filing a civil forfeiture action against JV Units equal to the agreed-upon equity value of the entity which operated and owned the Joint Venture Property, the United States of America shall provide the Joint Venture, all Parties, and any member holding JV Units from the Joint Venture Property with a copy of the civil forfeiture complaint or amended complaint at issue. Upon receipt of the civil forfeiture complaint or amended

---

[4] The government's quotation of the language from paragraph 45 of the Stipulated Order in its pending motion for a restraining order is incorrect. (*See* Dkt. 161 at 6). For instance, the government quotes the language as suggesting that it references "eighty-eight" real properties, when in fact the Stipulated Order references "eight-six" real properties. Similarly, while the government uses ellipses to reflect omissions of some portions of the quoted paragraph, it does not consistently do so (such as where it omits the reference to its agreement to not only not seek civil forfeiture, but also criminal or administrative forfeiture).

complaint at issue, the Joint Venture shall provide the United States of America and all Parties a copy of the breakdown of the *number of Class A and Class B Units (and the equivalent number of Class A Units with a value equal to such JV Units) each individual member received at Closing* in exchange for the interest contributor's contribution of the entity which operated and owned the relevant Joint Venture Property.  Thereafter, the Joint Venture shall prohibit the transfer of any *such identified JV Units* during the pendency of the related civil forfeiture action unless otherwise permitted by court order or stipulation between the United States of America and the relevant individual member or as set forth in Paragraphs 29-31 hereof. . . .  The Joint Venture hereby agrees that, in the event of any future forfeiture actions, it shall, within 90 days of the receipt of a notice from the United States of America that a final order of forfeiture of any of such additional retained JV Units has been ordered by the Court, purchase up to $39,227,898 of such additional retained JV Units . . . from the United States of America with cash at a value equal to the value of such JV Unit on the day the initial set of contributions occurred to the Joint Venture (i.e., *at closing each Class A Unit will have a value of $1.00 per Class A Unit*).

(Dkt. 161-1 at ¶ 45 (emphasis added)).

Robert and Todd Morgan oppose the motion for a restraining order, arguing that it goes beyond the terms of the Stipulated Order by also seeking to restrict the Class B JV Units associated with the properties that are the subject of the pending litigation.  (Dkt. 169 at 4).  They cite to provisions of the Stipulated Order that plainly contemplate that the equivalent value of Class A JV Units would be substituted for the property named as defendants in the *7405 Morgan Road* Action.  (*Id.* at 5-6 (citing Stipulated Order ¶ 37 (requiring the government "to dismiss the relevant Civil Forfeiture Property as Defendant" in *7405 Morgan Road* Action and allowing it to "add as Defendant in its stead the relevant Civil Forfeiture Property's Retained Units") and Stipulated Order ¶¶ 19-26 (defining "Retained Units" for the properties subject to the *7405 Morgan Road* Action as "Class A Units equal in value of the Class A and Class B Units")).  They also cite to paragraph 45

of the Stipulated Order, and argue that the reference therein to "any such identified JV Units" means the "equivalent number of Class A Units." (*See id.* at 7).[5]  According to Robert and Todd Morgan, upon commencement of this litigation and consistent with the terms of the Stipulated Order, MP KofP JV LLC:

> imposed transfer restrictions on the number of Class A Units held by Claimants, which in the aggregate are equivalent in value to the Claimants' pro rata interests in the net equity value of the properties at the time they were contributed to [MP KofP JV LLC].  Those restrained Class A Units— the Class A Units issued for the properties at issue, and an additional number of Class A Units issued for unrelated properties—remain subject to transfer restrictions.  None of the Claimants' Class B Units is subject to restraint.

(*Id.* at 8).

Lacey Morgan Katz and Robyn Morgan have opposed the motion for a restraining order as currently presented on the same grounds as Robert and Todd Morgan.  (Dkt. 172). They also argue that the Stipulated Order does not represent an agreement to a restraining order being entered on the basis of the stipulation alone.  (*Id.* at 3).  The Oakmonte Claimants have submitted a memorandum in opposition to the motion, also arguing that the relief sought by the government is inconsistent with the terms of the Stipulated Order because the government seeks to restrain Class B Units (Dkt. 171 at 2-3), but further raising the issue that they were not signatories to the Stipulated Order (*id.* at 3).

The Morgan Moving Parties indicate in their opposition papers that they would not object to the entry of a properly tailored order that adopts only the restrictions on Class A

---

[5]  A stipulation entered into in February 2020 provided that the parties would follow the procedure set forth in paragraph 45 of the Stipulated Order "with respect to any future forfeiture action."  (Dkt. 108-2 at ¶ 11).

JV Units that have already been imposed per the Stipulated Order.  (Dkt 169 at 4; Dkt. 172 at 1).  However, the Oakmonte Claimants do not similarly consent to such an order.  (*See* Dkt. 171).

The burden of proof to establish that property is subject to forfeiture is on the government.  18 U.S.C. § 983(c)(1).  Although the issue does not appear to have been addressed by the Second Circuit Court of Appeals, at least once circuit court has held that for a restraining order under § 983(j)(1)(A), the burden of proof is probable cause.  *See United States v. Melrose E. Subdivision*, 357 F.3d 493, 501 (5th Cir. 2004) ("we are persuaded that probable cause is the proper standard of proof for continuing a pretrial restraining order under § 983(j)(1)(A)").  Thus, at a minimum, the government bears the burden to establish its entitlement to a restraining order under § 983(j)(1)(A).

Here, the sole basis for the government's motion is the Stipulated Order—and yet, at the very least, there are questions as to whether the scope of the restraining order sought by the government is consistent with the terms of the Stipulated Order.  The government failed to initially request an opportunity to submit reply papers in support of its motion, and it did not request an opportunity to submit a reply after various objections were raised in opposition to the motion.  On the present record, the Court cannot conclude that the government has established that the Stipulated Order supports the scope of the restraining order it requests.  And while at least insofar as the Morgan Moving Parties are concerned, they would not object to a more limited restraining order that only applies to the Class A JV Units, the Oakmonte Claimants do not similarly consent, and in any event, it is not the

Court's job to redraft the nature of the relief sought by the government.  As a result, the motion for a restraining order is denied without prejudice.

## ARREST WARRANT IN REM

As noted above, the government obtained an arrest warrant in rem from the Clerk of Court which it was not authorized to obtain.  The government then arranged for service of the arrest warrant in rem on a number of entities and parties.  (Dkt. 4; Dkt. 5; Dkt. 6; Dkt. 7; Dkt. 8; Dkt. 10).  Although the government now concedes that it was not proper for it to obtain the arrest warrant in rem in this manner, as the Moving Parties point out, it has taken no steps to withdraw the document or communicate with the parties to whom it served the arrest warrant in rem that it was an invalid document.  While this may not be within the scope of the parties' motions for return of property, the Court has an independent obligation to ensure that legal process issued by the Clerk of Court with the undersigned's name is not used in an improper or invalid manner.  In other words, to allow the *status quo* to persist would be to permit the incorrect perception that the arrest warrant in rem was a valid legal document approved by this Court.

Accordingly, the Court hereby *sua sponte* vacates the arrest warrant in rem issued in the above-captioned matter.  The Court further directs the government to communicate in writing with all entities and individuals who were served with the arrest warrant in rem in the above-captioned matter that it has been vacated and is a legal nullity; that the government was not authorized to serve the arrest warrant in rem; and that it should be disregarded.  The government must effectuate said communications and file proof of service of the same on or before April 16, 2021.

## **CONCLUSION**

For the foregoing reasons, the motions for return of property (Dkt. 106; Dkt. 114; Dkt. 116) are denied as moot, and the motion for a restraining order (Dkt. 161) is denied without prejudice.  In addition, the Court *sua sponte* orders that the arrest warrant in rem that was issued in this matter is vacated, and it directs the government to communicate in writing with all entities and individuals who were served with the arrest warrant in rem in the above-captioned matter that it has been vacated and is a legal nullity; that the government was not authorized to serve the arrest warrant in rem; and that it should be disregarded.  The government must effectuate said communications and file proof of service of the same on or before April 16, 2021.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:      April 9, 2021
            Rochester, New York

- 13 -