UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
—————————————————

UNITED STATES OF AMERICA,                    **DECISION AND ORDER**

                     Plaintiff,                        1:20-CV-00334 EAW

          v.

ANY AND ALL JOINT VENTURE UNITS
OF MORGAN INTEREST HOLDERS HELD
IN THE MORGAN KING OF PRUSSIA JOINT
VENTURE, TRACEABLE TO THE
FOLLOWING REAL PROPERTIES WHICH
WERE CONTRIBUTED TO SUCH JOINT VENTURE:

5111 BALL ROAD, SYRACUSE, NEW YORK,
KNOWN AS HIGH ACRES APARTMENTS;

2161 CAMELOT DRIVE, HARRISBURG,
PENNSYLVANIA, KNOWN AS KING'S
MANOR APARTMENTS;

140 WESTBROOK HILLS DRIVE, SYRACUSE,
NEW YORK, KNOWN AS MORGAN MEADOWS
APARTMENTS;

1 OAKMONTE BOULEVARD, WEBSTER, NEW
YORK, KNOWN AS OAKMONTE APARTMENT
HOMES;

825 RIDGEWOOD DRIVE, FORT WAYNE, INDIANA,
KNOWN AS THE SUMMIT AT RIDGEWOOD;

40 WEBSTER MANOR DRIVE, WEBSTER, NEW
YORK, KNOWN AS WEBSTER MANOR APARTMENTS;  and

137 RINGNECK DRIVE, HARRISBURG, PENNSYVANIA,
KNOWN AS THE VILLAGE OF LAUREL RIDGE I,

                     Defendants.
—————————————————

- 1 -

## BACKGROUND

Plaintiff the United States of America (hereinafter "the government") commenced the above-captioned civil forfeiture action on March 20, 2020. (Dkt. 1). The government seeks forfeiture of "any and all" Joint Venture Units ("JV Units") of "the Morgan Interest Holders"[1] held in the Morgan Properties King of Prussia Joint Venture LLC ("MP KofP JV LLC") that are traceable to the seven real properties listed in the complaint. (*Id*. at 1 & ¶ 1). The complaint alleges that MP KofP JV LLC acquired the seven properties on or about October 24, 2019, and in exchange for the contributed properties (or more accurately, equity in companies that owned the properties), "Class A and Class B JV Units were issued to those individuals and entities with ownership interests" in the contributed properties (or more accurately, the companies which owned the contributed properties). (*Id*. at ¶ 2). The complaint alleges that the JV Units "were equivalent in value to net equity in the

---

[1]     The complaint defines the "Morgan Interest Holders" as Robert Morgan, Herbert Morgan, Robyn Morgan, Kevin Morgan, Robert Moser, the Brovitz Family Trust, Alyse Brovitz, Chase Chavin, Timothy Florczak, George DaGraca, James Martin, The Robert Morgan Limited Partnership, The Robert Morgan Limited Partnership III, the Morgan Family Share of Maplewood MHP, Inc., the Morgan Family Share of Schiavi Properties, Inc., and Sharon Zinser. (Dkt. 1 at ¶ 3). The proposed amended complaint adds to the definition of Morgan Interest Holders the following: Todd Morgan, Lacey Morgan Katz, RJM Fund LLC, JJAR KofP LLC, CSC Fund LLC, RL Properties #1 LLC, RL Properties #2 LLC, Rocmo 1 LLC, Rocmo 3 LLC, and ZSR Holdings LLC, and appears to specify with more particularity the identified shares of Maplewood MHP, Inc. and Schiavi Properties. (Dkt. 230-2 at ¶ 3). The proposed amended complaint then further specifies the individuals and entities to whom JV Units were issued for which the government seeks forfeiture. (*Id*. at ¶ 4).

properties." (*Id.*).[2]  The complaint alleges that the "defendant JV Units" are subject to

forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C).  (*Id.* at ¶ 4).[3]

On April 9, 2021, the Court issued a Decision and Order resolving several motions.

(Dkt. 199).  Among other things, the Court *sua sponte* vacated the arrest warrant *in rem*

that had been improperly obtained by the government from the Clerk of Court, and denied

without prejudice the government's motion for a restraining order pursuant to 18 U.S.C.

§ 983(j)(1)(A), which was sought based on a stipulated order entered on October 24, 2019,

in *United States of America v. The Premises and Real Property with All Buildings,*

*Appurtenances, and Improvements, Located at 7405 Morgan Road, Liverpool, New York,*

*et al.* (Case No. 1:19-cv-01157-EAW, Dkt. 26 ("the Stipulated Order")).

Three motions are presently pending before the Court, as to which oral argument

was held on February 24, 2022:

> (1)   a motion to dismiss filed by claimants Robert C. Morgan, Todd
> Morgan, Rocmo 1 LLC, Rocmo 2 LLC, the Robert Morgan Limited
> Partnership, The Robert Morgan Limited Partnership III, R. Morgan
> Management LLC, and R. Morgan Management III LLC (hereinafter
> "Robert and Todd Morgan") pursuant to Rules 12(b)(2) and 12(b)(6) of the
> Federal Rules of Civil Procedure and Rules G(5)(b) and G(8)(b)(i) of the
> Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

---

[2]      The proposed amended complaint more accurately states that the JV Units issued
were "equivalent in value to agreed upon equity in each of the companies that owned" each
of the seven properties.  (Dkt. 230-2 at ¶ 2).

[3]      The proposed amended complaint seeks forfeiture of "JV Units equivalent in value
on the Closing Date [that MP KofP JV LLC acquired the seven properties, *i.e.*, on or about
October 25, 2019] to the agreed upon equity value of the entity which operated and owned"
the seven properties, that were issued to the specified Morgan Interest Holders.  (Dkt. 230-
2 at ¶ 4; *see id.* at ¶ 1).

Actions ("Supplemental Rules") (Dkt. 204),[4] which the government opposes (Dkt. 219);

(2)      a renewed motion for a post-complaint restraining order pursuant to 18 U.S.C. § 983(j)(1)(A) filed by the government (Dkt. 216), which is opposed by Robert and Todd Morgan (Dkt. 225), claimants Lacey Morgan Katz, Robyn Morgan, RL Properties #1 LLC, RL Properties #2 LLC, and Rocmo 3 LLC (hereinafter "Lacey Morgan Katz and Robyn Morgan") (Dkt. 227), and claimants Maplewood MHP, Inc., Schiava Properties, James Martin, George DeGraca, and the Respective Successors, Assigns, Personal Representatives and Trustees of the foregoing (including Christopher J. Martin and Michelle Bryant, as Trustees) (hereinafter collectively the "Oakmonte Claimants") (Dkt. 226); and,

(3)      a motion to amend the complaint filed by the government (Dkt. 230), which is opposed by Robert and Todd Morgan (Dkt. 233), Lacey Morgan Katz and Robyn Morgan (Dkt. 235), and the Oakmonte Claimants (Dkt. 234).[5]

For the reasons set forth below, the government's motion for a post-complaint restraining order is denied (Dkt. 216) and the motion to dismiss pursuant to Rule 12(b)(2) is granted (Dkt. 204), so that the action is dismissed without prejudice for lack of *in rem* jurisdiction.  The motion to amend is denied as moot.  (Dkt. 230).

## ANALYSIS

## I.      THE COURT LACKS *IN REM* JURISDICTION.

A fundamental principle of forfeiture law is *in rem* jurisdiction—in other words, "in order to institute and perfect proceedings *in rem*, . . . the thing should be actually or

---

[4]      Claimants Lacey Morgan Katz, Robyn Morgan, RL Properties #1 LLC, RL Properties #2 LLC, and Rocmo 3 LLC filed notice that they joined in the motion to dismiss filed by Robert and Todd Morgan.  (Dkt. 205).

[5]      Robert and Todd Morgan, Lacey Morgan Katz and Robyn Morgan, and the Oakmonte Claimants will be collectively referred to herein as "Claimants."

constructively within the reach of the Court." *United States v. All Funds on Deposit in any Accts. Maintained in Names of Meza or De Castro*, 63 F.3d 148, 152 (2d Cir. 1995) (alteration in original and quoting *United States v. James Daniel Good Real Property*, 510 U.S. 43, 57 (1993)). Rule G(3) of the Supplemental Rules sets forth the rules for judicial authorization and process. For property that is not real property, Rule G(3)(b) sets forth three mechanisms for issuance of the requisite process in order for a court to assert the requisite control over the property: (1) an arrest warrant issued by the clerk of court where the property is in the government's possession, custody or control; (2) an arrest warrant issued by a court upon a probable cause determination, where the property is neither in the government's possession, custody or control, nor subject to a judicial restraining order; and (3) a judicial restraining order.

Here, the government has neither obtained an arrest warrant from the Clerk of Court nor the Court.[6] With respect to the third mechanism available under Rule G(3)(b), the government previously sought a judicial restraining order based on the Stipulated Order, but the Court concluded that the government failed to meet its burden to establish that the Stipulated Order supported the scope of the restraining order sought by the government and accordingly denied the request without prejudice. (Dkt. 199 at 11-12). Shortly after issuance of that Decision and Order, the pending motion to dismiss was filed. (Dkt. 204).

---

[6]     Upon filing the complaint, the government improperly obtained an arrest warrant *in rem* from the Clerk of Court, without judicial authorization. As previously noted, this Court vacated that arrest warrant with its Decision and Order entered on April 9, 2021. (Dkt. 199 at 12).

That motion to dismiss is based, in part, on an argument that the Court lacks *in rem* jurisdiction over the subject property. (*See* Dkt. 204-1 at 13-18).

Contemporaneously with its response in opposition to the pending motion to dismiss (Dkt. 215; Dkt. 219), the government filed its renewed motion for a post-complaint restraining order (Dkt. 216). The government identifies its renewed motion for a restraining order as a basis for denying the motion to dismiss on *in rem* jurisdiction grounds. (Dkt. 219 at 8).

The government again seeks a restraining order pursuant to 18 U.S.C. § 983(j)(1)(A), which permits a court to enter a restraining order upon application of the government "to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture . . . upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order is sought is subject to civil forfeiture." The government specifically seeks:

> entry of a post-complaint restraining order to secure, maintain, and preserve the availability for forfeiture the following property, identified as the defendants in rem in the above-captioned case: *Any and All Joint Venture Units ("JV Units") et al*, that is, the number of the JV Units specified in the Complaint as the defendant property which constitute the equivalent number of Class A JV Units with a value equal to the Class A and Class B JV Units issued by the Joint Venture in exchange for the contribution of the seven Joint Venture Properties to the Joint Venture, representing the agreed-upon value equity in the real properties listed below, which were contributed to the Morgan King of Prussia Joint Venture ("MP KofP JV LLC"):
>
> 5111 Ball Road, Syracuse, New York, known as High Acres Apartments [10,031,739 JV Units];
>
> 2161 Camelot Drive, Harrisburg, Pennsylvania, known as King's Manor Apartments [9,715,315 JV Units];

140 Westbrook Hills Drive, Syracuse, New York, known as Morgan Meadows Apartments [14,129,173 JV Units];

1 Oakmonte Boulevard, Webster, New York, known as Oakmonte Apartment Homes  [11,804,286 JV Units];

825 Ridgewood Drive, Fort Wayne, Indiana, known as The Summit At Ridgewood [10,106,176 JV Units];

40 Webster Manor Drive, Webster, New York, known as Webster Manor Apartments [11,722,169 JV Units]; and

137 Ringneck Drive, Harrisburg, Pennsylvania, known as The Village of Laurel Ridge I [8,384,991 JV Units],

(hereinafter the "Defendant Property").

(Dkt. 216 at 1-2) (bracketed material in original).  As confirmed in the accompanying memorandum of law, the government "seeks to restrain only the Class A JV Units equivalent in value on the Closing Date to the agreed-upon equity value of the entity which operated and owned the relevant Joint Venture Property that contributed the subject real properties named above."  (Dkt. 216 at 9; *see also* Dkt. 216-2 at 3 (proposed restraining order defined as applying to "the number of Class A JV Units with a value equal to the Class A and Class B JV Units issued by the Joint Venture in exchange for the contribution of [seven identified properties]. . . .")).

On June 3, 2021, Robert and Todd Morgan filed a memorandum in opposition to the government's renewed motion for a post-complaint restraining order.  (Dkt. 225).  Also on that same date, memoranda in opposition to the government's renewed motion for a post-complaint restraining order were filed by Lacey Morgan Katz and Robyn Morgan (Dkt. 227) and the Oakmonte Claimants (Dkt. 226).  Those parties oppose the motion for

- 7 -

a restraining order, in part,[7] because the government seeks to restrain property that is not named as a defendant in the complaint and therefore not subject to a claim of forfeiture— namely, Class A JV Units that are not named in the complaint.  As explained in those opposition papers, "[t]he Complaint does not name as defendants *in rem* 'the Class A JV Units equivalent in value' to the net equity of the contributed properties—it names the mix of Class A and Class B Units that were actually issued to interest holders in exchange for those properties.  To overcome the discrepancy between the Class A Units to be restrained, and the mix of Class A and Class B Units actually named in the Complaint, the Government's motion asks the Court to enter a proposed restraining order that is both self-contradicting and mischaracterizes the defendant JV Units *in rem* named in the Complaint." (Dkt. 225 at 9-10).

There is no dispute that the government has defined the property that it seeks to restrain differently than the property identified as subject to forfeiture in the complaint. The government's counsel acknowledged during oral argument that this was a "problem." Moreover, in its motion for leave to amend its complaint filed on June 30, 2021 (after Claimants submitted papers opposing the motion for a restraining order) (Dkt. 230), the government took no steps to change the definition of the *res* to conform to the property identified in the motion for a restraining order.  In fact, in its reply papers in support of the

---

[7]    Because the Court agrees that the government has failed to meet its burden (*see* Dkt. 199 at 11 (discussing government's burden to obtain restraining order)), where it has defined the property it seeks to restrain differently than in the complaint (or proposed amended complaint), the Court need not and does not reach the other arguments raised by Claimants in opposition to the motion for a restraining order.

motion to amend, the government expressly acknowledged that the proposed amended complaint defines the *res* as "JV Units equivalent in value on the Closing Date to the agreed upon equity value of the entity which operated and owned the relevant Joint Venture Properties" and it "does not distinguish between Class A and Class B Units. . . ."  (Dkt. 238 at 2, 3).[8]  Yet, the proposed restraining order seeks to restrain  "the equivalent number of Class A JV Units with a value equal to the Class A and Class B JV Units issued by the Joint Venture in exchange for the contribution of the seven Joint Venture Properties to the Joint Venture. . . ."  (Dk. 216 at 1).  Again, at the oral argument in this matter, counsel for the government acknowledged that the property described in the complaint (and proposed amended complaint) was different than the property described in the proposed restraining order, and that this was a problem.

This is the government's third attempt to restrain the property subject to forfeiture, and it still cannot satisfy this basic requirement.  Because the government seeks to restrain property different from the property it seeks to forfeit, the Court denies its renewed motion for a restraining order.  (Dkt. 216).

---

[8]     The Court notes that it agrees with the government's contention in its reply memorandum of law in further support of its motion to amend (*see* Dkt. 238 at 3-4) that the Decision and Order entered April 9, 2021 (Dkt. 199) did not indicate agreement with the argument advanced by Claimants that the Stipulated Order limited any future forfeiture action to only Class A JV Units, and Robert and Todd Morgan's suggestion otherwise (*see* Dkt. 233 at 7) is wrong.  Nonetheless, at oral argument in this matter, counsel for the government appeared to suggest that the government was, in fact, limited by the Stipulated Order to only pursuing Class A JV Units.

## II.   CLAIMANTS ARE NOT EQUITABLY ESTOPPED FROM RAISING LACK OF *IN REM* JURISDICTION.

The government argues that Claimants should be equitably estopped from challenging *in rem* jurisdiction.  The government's theory appears to be that it would not have faced such a challenge if it was seeking to forfeit the real property that was transferred to MP KofP JV LLC, and therefore because it agreed to seek the JV Units, it should not be hamstrung by issues related to *in rem* jurisdiction.  (Dkt. 219 at 8-10).

One of the problems with the government's argument is that if it had wanted to negotiate a waiver of any jurisdictional defenses to any future forfeiture action, it could have and should have included waiver language as part of the Stipulated Order.  There is no language in the Stipulated Order precluding Claimants from raising objections on grounds of *in rem* jurisdiction.  The government's argument in this regard does not even come close to establishing that Claimants' objections on *in rem* jurisdiction grounds would somehow work an injustice based upon the government's justifiable reliance upon Claimants' words or conduct—there is nothing in the record suggesting that Claimants made a misrepresentation of fact to the government on this topic or that the government reasonably relied on any such misrepresentation to its detriment.  *See Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 725 (2d Cir. 2001) ("The doctrine of equitable estoppel is properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct.  Under federal law, a party may be estopped from pursuing a claim or defense where: 1) the party to be estopped makes a misrepresentation of fact to

the other party with reason to believe that the other party will rely upon it; 2) and the other party reasonably relies upon it; 3) to her detriment." (citation omitted)).

Accordingly, the Court rejects the government's argument of equitable estoppel.

## III.   WITHOUT *IN REM* JURISDICTION, THE COMPLAINT MUST BE DISMISSED, BUT THE DISMISSAL IS WITHOUT PREJUDICE.

As noted above, the government has failed to meet its burden to obtain a restraining order, and therefore the Court lacks *in rem* jurisdiction over the property.  As a result, the motion to dismiss is granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(2). *See also* Supplemental Rule G(5)(b) (identifying objection to *in rem* jurisdiction as being waived unless raised by motion or stated in the answer); G(8)(b)(i) (addressing motions to dismiss under Rule 12(b)).   However, the Court will not dismiss the complaint with prejudice, as requested by Claimants.

As an initial matter, the Court is not persuaded by Claimants' argument that it could dismiss the forfeiture complaint for lack of *in rem* jurisdiction with prejudice.  *Cf. Smith v. United States*, 554 F. App'x 30, 32 (2d Cir. 2013) (dismissal for lack of personal jurisdiction should be without prejudice); *Transaero, Inc. v. Chappell*, No. 13-CV-5752 JFB GRB, 2014 WL 1783732, at *7 n.7 (E.D.N.Y. May 6, 2014) ("A dismissal for lack of personal jurisdiction should be without prejudice because 'the resulting judgment of dismissal is not a determination of the claim, but rather a refusal to hear it.'" (quoting *Leviton Mfg. Co., Inc. v. Reeve*, 942 F. Supp. 2d 244, 273 (E.D.N.Y. 2013)); *see also United States v. $490,920 in U.S. Currency*, 911 F. Supp. 720, 725 (S.D.N.Y. 1996) (dismissing

forfeiture complaint for lack of *in rem* jurisdiction, but denying request that dismissal be with prejudice), *on reconsideration in part*, 937 F. Supp. 249 (S.D.N.Y. 1996).

However, even if permitted to enter a dismissal with prejudice based on lack of *in rem* jurisdiction, the Court disagrees with Claimants that it would be appropriate. No question, the government's efforts to obtain *in rem* jurisdiction can charitably be described as clumsy. And to say the least, these failed attempts are puzzling since establishing *in rem* jurisdiction in this case should not be a difficult task for the government. However, the case is in its infancy in terms of its procedural posture, and the reality is that the Stipulated Order reflects an agreement by at least the Morgan Claimants[9] to provide a means for the government to pursue future forfeiture actions against certain JV Units. Indeed, while various benefits have been identified as accruing to the government by virtue of the MP KofP JV LLC transaction, the fact is that the government's willingness to cooperate with that transaction also significantly benefited the Morgan Claimants and avoided potentially catastrophic consequences. Thus, even if the Court could enter a dismissal with prejudice, it would not be in the interests of justice to do so.

## CONCLUSION

For the foregoing reasons, the government's motion for a post-complaint restraining order is denied (Dkt. 216) and the motion to dismiss pursuant to Rule 12(b)(2) is granted (Dkt. 204), and the action is dismissed without prejudice for lack of *in rem* jurisdiction. In

---

[9]     As the Oakmonte Claimants have repeatedly pointed out, they were not signatories to the Stipulated Order. (*See* Dkt. 226 at 3). However, that does not change the Court's ultimate conclusion that the action should be dismissed, but without prejudice.

addition, the motion to amend is denied as moot.  (Dkt. 230).  The Clerk of Court is directed

to close this case.

       SO ORDERED.

                                    ELIZABETH A. WOLFORD
                                    United States District Judge

Dated:        March 11, 2022
              Rochester, New York